IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 18-13 |
| | ) | Senior Judge Nora Barry Fischer |
| SCOTT JOSEPH PAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

Presently before the Court is Defendant Scott Joseph Payne's *pro se* Motion for Bond in which he requests to be released from the Indiana County Jail ("ICJ") due to the COVID-19 pandemic.[1] (Docket No. 82). The Government filed a Response opposing Defendant's request. (Docket No. 84). After careful consideration of the parties' arguments as well as the position of the United States Probation Office, which continues to recommend detention, (*see id.* at 10; Ex. A), and for the following reasons, Defendant's Motion is DENIED.

**II.    BACKGROUND**

On January 16, 2018, Defendant was charged in a seven-count Indictment with three counts of coercion and enticement of a minor to engage in illegal sexual activity, each in violation of 18 U.S.C. § 2422(b); three counts of production of material depicting the sexual exploitation of a minor, each in violation of 18 U.S.C. §§ 2251(a) and (e); and one count of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). (Docket

---

[1]    Defendant's submission was made *pro se* despite that he is represented by retained counsel, Attorney Patrick J. Thomassey, in these proceedings. The Court denies Defendant's *pro se* motion for the reasons herein; however, Defendant is not entitled to hybrid representation and he is cautioned that any future *pro se* submissions will not be accepted, given that he is represented by highly competent and experienced counsel. *See United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("Pro se litigants have no right to 'hybrid representation' because '[a] defendant does not have a constitutional right to choreograph special appearances by counsel.'")).

1

No. 1). On February 22, 2018, Defendant made his initial appearance, at which time he waived his right to a detention hearing and the Court granted the Government's request for pretrial detention. (Docket No. 13).

On September 19, 2019, Defendant pled guilty to one count of coercion and enticement of a minor to engage in illegal sexual activity (Count Three) and one count of possession of material depicting the sexual exploitation of a minor (Count Seven) pursuant to a Rule 11(c)(1)(C) agreement with a stipulated sentence of 18 years' incarceration. (Docket No. 63-1, ¶ C.11). At the conclusion of the change of plea hearing, Defendant did not contest the Court's order that he remain detained at the ICJ pending sentencing. (Docket No. 63). Defendant's sentencing hearing originally was scheduled to occur on February 20, 2020, then postponed to April 3, 2020 on motion of Defendant, and then continued until further order of Court in compliance with Chief Judge Hornak's Administrative Order postponing all criminal matters scheduled to commence through April 27, 2020. (Docket Nos. 66, 80, 81).

On March 27, 2020, Defendant filed the motion requesting release from the ICJ pending sentencing due to the COVID-19 pandemic so that he can spend time with his family and take care of his father, who is in his 60s. (Docket No. 82). In making this request, Defendant generally references COVID-19, but he does not claim to have any health problem which would make him uniquely susceptible to the virus, nor does he allege that his father has any health problem which requires someone to care for him.

The Government filed its Response opposing Defendant's motion on April 3, 2020. (Docket No. 84). The Government argues that Defendant's detention pending sentencing is mandatory pursuant to 18 U.S.C. § 3143(a)(2) and there are no exceptional reasons warranting his release under § 3145(c). (*Id.* at 7-12).

After considering the parties' respective positions set forth in the briefing, and a review of the record, and for the reasons that follow, Defendant's release is not warranted under any provision of the Bail Reform Act.

### III. DISCUSSION

Initially, Defendant's detention pending sentencing is mandated by 18 U.S.C. § 3143(a)(2), which provides that a defendant who has been convicted of a crime of violence for which the maximum term of imprisonment is ten years or more must be detained pending imposition or execution of sentence unless the judicial officer finds: (1) "a substantial likelihood that a motion for acquittal or new trial will be granted," or government counsel recommends that no sentence of imprisonment be imposed; and (2) "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Defendant plainly does not qualify for release pending sentencing under § 3143(a)(2) because the offenses to which he pled guilty are crimes of violence[2] which carry terms of not less than ten years to life imprisonment (Count Three) and not less than ten years to not more than twenty years' imprisonment (Count Seven), and the Government has not recommended no imprisonment. Additionally, Defendant is a danger to the community for reasons explained below. *See infra* at 4-5.

Further, Defendant has not demonstrated any exceptional reason for his release pending sentencing. "Under § 3145(c), a person subject to detention pursuant to § 3143(a)(2), and who meets the conditions of release set forth in § 3143(a)(1), 'may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional

---

[2] A "crime of violence" is defined in 18 U.S.C. §3156(a)(4)(C) to include any felony under chapter 77, 109A, 110 or 117 of the United States Criminal Code. The crimes of conviction in this case, 18 U.S.C. §§ 2252(a)(4)(B) and 2422, are felonies under chapters 110 and 117, respectively; thus, each is a "crime of violence."

3

reasons why such person's detention would not be appropriate.'" *United States v. Porter*, Crim. No. 18-68, 2020 WL 1061512, at *2 (W.D. Pa. Mar. 5, 2020) (quoting 18 U.S.C. § 3145(c)). This Court recently held "that it has the discretionary authority to apply 18 U.S.C. § 3145(c) and determine whether exceptional reasons exist to release Defendant from custody pending sentencing." *Porter*, 2020 WL 1061512, at *3. In this context, "'exceptional requires something out of the ordinary to distinguish the defendant's case from those of [other defendants] subject to mandatory detention.'" *Id*. (quoting *United States v. Smith*, 34 F. Supp. 3d 541, 553 (W.D. Pa. 2014)) (further quotation and citation omitted). "'Most courts have defined exceptional under § 3145(c) as clearly out of the ordinary, uncommon, or rare.'" *Id*. (citations omitted).

In this Court's estimation, Defendant has failed to meet his burden to demonstrate that exceptional reasons warrant his release from custody pending his sentencing for several reasons. First, despite Defendant's assertion that he is not a flight risk or his suggestion that he is not a danger to the community because he does not drink or take drugs, (*see* Docket No. 82), the record in this case shows otherwise. *See Smith*, 34 F. Supp. 3d at 544 (observing that § 3143(a)(1) "'creates a presumption in favor of detention pending sentencing,' which a defendant can rebut only if she meets her high burden of proving by clear and convincing evidence that she is not a flight risk or a danger to the community") (citations omitted). Defendant has pled guilty to extremely serious criminal charges as described in the offense conduct section of the Presentence Investigation Report ("PIR") in this case, to which he did not lodge any objections. (*See* Docket No. 72, ¶¶ 7-11). In short, Defendant coerced and enticed a 15-year old boy to produce videos depicting the minor engaged in sex acts and to share those videos with Defendant. In addition to this conduct, Defendant's criminal history, as summarized in the PIR (and not objected to by Defendant) further shows his propensity to engage in illicit activity that poses a danger to the

4

community. (*See id.*, ¶¶ 32-33). Notably, Defendant previously pled guilty to a state charge of disseminating photo/film of child sex acts, for which he was sentenced to seven years' probation. (*Id.* ¶ 32). While on probation for that state sexual offense, Defendant committed the instant federal offenses. (*Id.* ¶ 35). He also has a prior harassment conviction for calling and texting an ex-girlfriend and stating that her new boyfriend was a rapist who would take her son and rape him. (*Id.* ¶ 33). All told, Defendant's conduct in this case and his criminal history make clear that he poses a danger to the safety of the community, particularly given that he has engaged in illegal conduct involving the sexual exploitation minors.

Even if Defendant could establish that he meets the conditions of release set forth in § 3143(a)(1), he has not clearly shown that exceptional reasons exist to warrant his release pending sentencing. *See Smith*, 34 F. Supp. 3d at 553 ("The burden is on Defendant to show by clear and convincing evidence why her detention would not be appropriate based on exceptional reasons."). To that end, this Court recently held that speculation concerning present or future conditions involving COVID-19 at the Allegheny County Jail does not suffice to establish exceptional reasons warranting release under 18 U.S.C. § 3145(c). *See United States v. Derrick Jones*, Crim. 18-100, Docket No. 142 (W.D. Pa. Apr. 6, 2020) (Fischer, J.); *United States v. Jamar Perminter*, Crim. No. 19-145, Docket No. 74 (W.D. Pa. Mar. 25, 2020) (Fischer, J.). The Court recognizes the potential for Defendant's exposure to the COVID-19 virus at the ICJ where he is detained; however, that potential currently exists anywhere in the community. As explained in the Government's response, the ICJ, along with this Court and other stakeholders, have taken precautions to prevent and mitigate the spread of COVID-19 at the ICJ, and the virus has not been detected in inmates or employees at the facility at this time. (*See* Docket No. 84 at 4-6). While the Court is sympathetic to Defendant's general concern about COVID-19, speculation about

present or possible future conditions at the ICJ does not constitute an exceptional reason for release, particularly given that Defendant does not claim to suffer from any health condition that would make him uniquely susceptible to COVID-19.[3] *See* Docket No. 72, ¶ 47 (noting in PIR that "[Defendant] said that he does not suffer from any physical health problems.").

All told, after careful consideration of the parties' arguments in light of the record as a whole, the Court concludes that Defendant does not meet the requirements of 18 U.S.C. § 3145(c) for release pending sentencing. *See Porter*, 2020 WL 1061512, at *3; *see also Jones*, Crim. No. 18-100, Docket No. 142 at 8-9; *Perminter*, Crim. No. 19-145, Docket No. 74 at 8.

### IV. CONCLUSION

For all of these reasons, IT IS HEREBY ORDERED that Defendant's Motion for Bond (Docket No. 82) is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: April 9, 2020
cc/ecf: All counsel of record

---

[3] Similarly, the Third Circuit Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). The Court of Appeals further recognized that the procedural requirements of the First Step Act must be met prior to courts adjudicating such motions for inmates with heightened risk factors for COVID-19 such as the petitioner described as a sixty-eight year old inmate suffering from Parkinson's disease, diabetes and heart issues. *Id.* at *1, *2.